IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GAVIN EDWARD ALLEN,

    **Plaintiff,**

    v.                                                CASE NO. 24-3047-JWL

BRIAN BELLENDIR, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. At the time of filing, Plaintiff was in custody at the Barton County Jail in Great Bend, Kansas. Plaintiff is now in custody at the Rice County Law Enforcement Center in Lyons, Kansas. The Court granted Plaintiff leave to proceed in forma pauperis. On April 18, 2024, the Court entered a Memorandum and Order to Show Cause (Doc. 5) ("MOSC") granting Plaintiff until May 17, 2024, in which to show good cause why his Complaint should not be dismissed or to file an amended complaint to cure the deficiencies set forth in the MOSC. This matter is before the Court on Plaintiff's Motion for Appointment of Counsel (Doc. 6).

Plaintiff seeks the appointment of counsel, arguing that: he is unable to afford counsel; his imprisonment will greatly limit his ability to litigate; the issues are complex and will require significant research and investigation; Plaintiff has limited access to a law library; and Plaintiff has limited knowledge of the law. (Doc. 6, at 1.) Plaintiff also claims that his law books were confiscated when he was transferred and his account funds were not transferred to Rice County from Barton County. *Id*. at 2. Plaintiff also argues that a trial in this case will likely involve conflicting testimony and counsel would be better able to present evidence and cross-examine witnesses. *Id*.

The Court has considered Plaintiff's motion for appointment of counsel. There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979). The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments. The Court denies the motion without prejudice to refiling the motion if Plaintiff's Complaint survives screening.

Plaintiff is cautioned that he must still comply with the Court's MOSC by May 17, 2024. If Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed in the MOSC, this matter will be decided based upon the current deficient Complaint and may be dismissed without further notice for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Appointment of Counsel (Doc. 6) is **denied without prejudice.**

**IT IS SO ORDERED**.

**Dated April 29, 2024, in Kansas City, Kansas.**

<u>S/ John W. Lungstrum</u>
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE