**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**GAVIN EDWARD ALLEN,**

     **Plaintiff,**

     **v.**                        **CASE NO.  24-3047-JWL**

**BRIAN BELLENDIR, et al.,**

     **Defendants.**

**<u>MEMORANDUM AND ORDER</u>**

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983.  At the time of filing, Plaintiff was in custody at the Barton County Jail in Great Bend, Kansas ("BCJ").  Plaintiff is now in custody at the Rice County Law Enforcement Center in Lyons, Kansas ("RCLEC").  The Court granted Plaintiff leave to proceed in forma pauperis.  On April 18, 2024, the Court entered a Memorandum and Order to Show Cause (Doc. 5) ("MOSC") granting Plaintiff until May 17, 2024, in which to show good cause why his Complaint should not be dismissed or to file an amended complaint to cure the deficiencies set forth in the MOSC.

This matter is before the Court on Plaintiff's request to file a supplemental complaint and request for a temporary restraining order (Doc. 9).  Plaintiff states that he is filing the "Supplemental Complaint" to inform the Court of events occurring after he filed his original Complaint.  (Doc. 9, at 1.)  Plaintiff alleges that on April 15, 2024, his life was threatened by several prisoners after he made requests to be moved to a non-smoking unit.  *Id.*  Plaintiff alleges that BCJ staff informed other prisoners that Plaintiff was responsible for the suspension of e-cigarette sales to prisoners.  *Id.*  Plaintiff alleges that he had to defend himself against an attack and was taken to the hospital with an injury to his right hand.  *Id.* at 2.  Plaintiff states that he "pressed assault charges against the other prisoners and jail staff."  *Id.*

1

Plaintiff alleges that his lawyer arranged to have him transferred to another county jail for his safety. *Id*. Plaintiff was transferred to the RCLEC on April 17, 2024. *Id*. Plaintiff alleges that his personal property was confiscated when he was transferred and that this was done as a form a retaliation for filing his § 1983 action. *Id*. at 2–3. Plaintiff asks the Court to order BCJ staff to "stay away from Plaintiff and [to be] restrained from touching, serving food too [sic], passing out mail, and communicating with Plaintiff whatsoever." *Id*. at 3. Plaintiff also seeks a declaratory judgment regarding his allegations in his Supplemental Complaint and copies of his Complaint and other filings in this case. *Id*. at 4.

The Court denies Plaintiff's request to submit a supplemental complaint and request for a temporary restraining order. Plaintiff is no longer housed at the BCJ. Plaintiff's request for injunctive relief is moot. Plaintiff is currently confined at the RCLEC. Because Plaintiff's request relates solely to alleged wrongdoing on the part of BCJ employees, the Court would be unable to provide Plaintiff with effective relief and his request for injunctive relief is moot.

"Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief." *O'Shea v. Littleton*, 414 U.S. 488, 495 1974). The Tenth Circuit has applied this principle to § 1983 actions brought by inmates, and held that an inmate's transfer from one prison to another generally renders moot any request for injunctive relief against the employees of the original prison concerning the conditions of confinement. *See Green v. Branson*, 108 F.3d 1296, 1299–1300 (10th Cir. 1997); *see also Wirsching v. Colorado*, 360 F.3d 1191, 1196 (10th Cir. 2004) (inmate's release from prison moots his claims for declaratory and injunctive relief); *McAlpine v. Thompson*, 187 F.3d 1213, 1215 (10th Cir. 1999) (recognizing prisoner's release from prison mooted his § 1983 claim for injunctive relief); *Love v. Summit County*, 776 F.2d 908, 910 n.4 (10th Cir. 1985) (noting transfer of inmate to different prison

renders his § 1983 claim for injunctive relief moot); *see also Pfeil v. Lampert*, 603 F. App'x 665, 668 (10th Cir. 2015) (unpublished) (holding that "RLUIPA claims regarding prison conditions become moot if the inmate plaintiff is released from custody.") (citations omitted).

The mootness doctrine is based on the reality that even if the inmate receives injunctive relief, the defendants from the former prison would be unable to provide the relief to plaintiff. Because Plaintiff is no longer confined at the BCJ, his request for injunctive relief is moot and therefore denied.

Likewise, "[a] claim for declaratory relief that does not 'settl[e] . . . some dispute which affects the behavior of the defendant toward the plaintiff' is moot, *Rio Grande Silvery Minnow*, 601 F.3d at 1110 (quotations omitted), because it fails to 'seek[] more than a retrospective opinion that [the plaintiff] was wrongly harmed by the defendant[.]" *Prison Legal News v. Federal Bureau of Prisons*, 944 F.3d 868, 880 (10th Cir. 2019) (quoting *Jordan v. Sosa*, 654 F.3d 1012, 1025 (10th Cir. 2011)); *see also Church v. Polis*, 2022 WL 200661, at *4 (10th Cir. Jan. 24, 2022) ("But declaratory-judgment claims become moot if circumstances change such that the defendants are not 'actually situated to have their future conduct toward the plaintiff altered by the court's declaration of rights.'") (citation omitted).

To the extent Plaintiff seeks to add claims to his original Complaint, the Court notes that his Complaint is subject to dismissal for the reasons set forth in the Court's MOSC.  The Court also granted Plaintiff an opportunity to file an amended complaint to cure the deficiencies.  The Court will grant Plaintiff an extension of time to comply with the Court's MOSC.  As noted in the MOSC, Plaintiff is given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed in the MOSC.[1]  Plaintiff is

---

[1] To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint.  *See* Fed. R. Civ. P. 15.  An amended complaint is not simply an addendum to the original complaint, and

given time to file a complete and proper amended complaint in which he (1) raises only properly joined claims and defendants; (2) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (3) alleges sufficient facts to show personal participation by each named defendant.

The Court will grant Plaintiff an extension of time to May 31, 2024, to comply with the Court's MOSC.  If Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed in the MOSC, this matter will be decided based upon the current deficient Complaint and may be dismissed without further notice for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's motion to supplement the Complaint and request for a temporary restraining order (Doc. 9) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff is granted until **May 31, 2024,** in which to show good cause, in writing, to the undersigned, why Plaintiff's Complaint should not be dismissed for the reasons stated in the Court's MOSC at Doc. 5.

**IT IS FURTHER ORDERED** that Plaintiff is also granted until **May 31, 2024**, in which to file a complete and proper amended complaint to cure all the deficiencies discussed in the Court's MOSC at Doc. 5.

---

instead completely supersedes it.  Therefore, any claims or allegations not included in the amended complaint are no longer before the court.  It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint.  Plaintiff must write the number of this case (24-3047-JWL) at the top of the first page of his amended complaint and he must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a).  Plaintiff should also refer to each defendant again in the body of the amended complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances.  Plaintiff must allege sufficient additional facts to show a federal constitutional violation.

**IT IS FURTHER ORDERED** that the Clerk is directed to send to Plaintiff: § 1983 forms and instructions; a copy of the Complaint at Doc. 1; a copy of the Court's MOSC at Doc. 5; and a copy of the Court's Memorandum and Order at Doc. 8.

**IT IS SO ORDERED**.

**Dated May 14, 2024, in Kansas City, Kansas.**

<u>**S/ John W. Lungstrum**</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**